IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
SEP 22 2016
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | | |
|---|---|---|
| JOSE ESCRIBANO, AL LEBLANC, BRYCE MILLER, ROBERT MILLS, MICHAEL STRAWN, and JAMES WILLIAMSON, | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:15-CV-331-RP |
| TRAVIS COUNTY, TEXAS, | § § § | |
| Defendant. | § § | |

## JURY CHARGE

### I. GENERAL INSTRUCTIONS FOR THE JURY

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions. Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

1

The instructions that follow will indicate whose burden it is to prove every element essential to its claim or defense by a "preponderance of the evidence." A preponderance of the evidence simply means the amount of evidence that persuades you a claim or defense is more likely true than not true. In determining whether any fact has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who called them, and all exhibits received in evidence, regardless of who produced them. If the proof fails to establish any essential part of a claim or defense by a preponderance of the evidence, then you must find against the party that has the burden to prove the claim or defense.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe what each person had to say and how important that testimony was. In making that decision, I suggest you ask yourself a few questions: Did the person impress you as honest? Did the witness have any relationship with any party to the case? Did the witness have a good memory? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that may help you determine the accuracy of what each witness said.

In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side of that point. You must think about the testimony of each witness and decide how much you believe of what each witness said. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all the other evidence you believe that single witness. The testimony of a witness may be discredited by showing that the witness testified falsely

concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with testimony the witness gave at this trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget certain details or recollect events inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters. Merely because an expert witness has expressed an opinion does not mean, however, that you must accept the opinion. As with any other witness, it is up to you to decide whether you believe the testimony and choose to rely upon it. Part of that decision will depend on your judgment about whether the witness's background or training and experience is sufficient for the witness to give the expert opinion you heard. You must also decide whether the witness's opinions were based on sound reasons, judgment, and information. In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his or her income from such testimony represents a significant portion of his income.

While you should consider only the evidence in this case, you may draw reasonable inferences from the testimony and the exhibits that you feel are justified in the light of common

3

experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

There are two types of evidence that you may consider. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence, which is the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the

questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You should not interpret the fact that I have given instructions about the Plaintiffs' damages as an indication in any way that I believe Plaintiffs should or should not win this case.

## II. STIPULATIONS

The parties have stipulated to the facts listed below:

1. All of the Plaintiffs are current employees of Travis County.
2. Travis County has been governed during the times applicable to this suit by the Fair Labor Standards Act.
3. Since April 24, 2012, all Plaintiffs were employed by Travis County as a Lieutenant in the Law Enforcement Bureau of the Travis County Sheriff's Office.
4. The Travis County Sheriff's Office follows a paramilitary chain of command structure. In the Law Enforcement Bureau, the chain of command begins with the Sheriff, followed by the Chief Deputy, the Law Enforcement Bureau Major, then captains, lieutenants, sergeants, detectives, and deputies. At all times relevant to this

suit, part of each of the Plaintiff's job duties was to manage the day-to-day operations of units consisting of sergeants and deputies.

5. The work week for all Travis County Sheriff's Office employees, including Plaintiffs, during all times applicable to this suit is 40 hours in a seven-day period beginning on Sunday at 12:00 am and ending on Saturday at 11:59 pm.

6. At all times applicable to this suit, each of the Plaintiffs worked more than 40 hours per week during some of the weeks.

7. Each of the Plaintiffs earned more than $100,000 per year and at least $455 per week during all times applicable to this suit.

8. During all times applicable to this suit, all Plaintiffs customarily and regularly directed the work of two or more employees.

9. At all times applicable to this suit, the Plaintiffs did not have the authority to hire or fire employees. In the Law Enforcement Bureau, hiring, promoting, and firing employees in the Travis County Sheriff's Office is conducted pursuant to the Travis County Sheriff's Office Civil Service Commission regulations.

### III. FAIR LABOR STANDARDS ACT

This case arises under the Fair Labor Standards Act, a federal law that provides for the payment of time-and-a-half overtime pay to certain employees. Plaintiffs claim that Defendant Travis County did not pay them the legally required overtime pay.

The parties agree that Plaintiffs have stated a claim under the FLSA, but the County claims the Plaintiffs are not entitled to overtime pay because Plaintiffs fall within the scope of the FLSA's executive employee exemption or, alternatively, its highly compensated employee exemption.

### 1. The Executive Employee Exemption

To receive the benefit of the executive exemption, Travis County must prove each of the following four elements by a preponderance of the evidence:

1. Plaintiffs are compensated on a salary basis at a rate of not less than $455 per week;
2. Plaintiffs' primary duty is management of the enterprise in which the employee is employed (or of a customarily recognized department or subdivision of that enterprise);
3. Plaintiffs customarily and regularly direct the work of two or more other employees; and that
4. Either Plaintiffs have the authority to hire or fire other employees or their suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees are given particular weight.

It has already been determined that Plaintiffs are paid more than $455 per week (part of Element 1), customarily and regularly direct the work of two or more employees (Element 3), and that Plaintiffs do not have the authority to hire or fire other employees (part of Element 4).

A job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee meets the four requirements set forth above. The following definitions should guide you in applying those requirements:

*Salary Basis.* This term is used in Element 1 of the executive exemption and Element 1 of the highly compensated employee exemption. To receive the benefit of the executive exemption, Travis County must prove that the employees for whom the exemption is sought are

7

compensated on a salary basis. Generally, an employee will be considered to be paid on a "salary basis" if (1) the employee regularly receives each pay period a predetermined amount constituting all or part of the employee's compensation, and (2) that amount is not subject to reduction because of variations in the quality or quantity of the work performed. An exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked. Employees who fall under the FLSA's executive exemption are not paid by the hour or task, but for the general value of the services they perform. An employee does not fall under the FLSA's executive exemption if, as a practical matter, there is a significant likelihood of being subject to deductions from pay.

*Primary Duty.* This term is used in Element 2 of the executive exemption test. To receive the benefit of the executive exemption, Travis County must prove by a preponderance of the evidence that the primary duty of Plaintiffs is management of the enterprise in which the employee is employed (or of a customarily recognized department or subdivision of that enterprise). A "primary duty" means the principal, main, major, or most important duty that the employee performs. The amount of time spent performing exempt work can be a useful guide in determining whether exempt work is the primary duty of any employee. Thus employees who spend more than 50% of their time performing exempt work will generally satisfy the primary duty requirement. Time alone, however, is not the sole test, and nothing requires that exempt employees spend more than 50% of their time performing exempt work. An employee's primary duty will usually be what she does that is of principal value to the employer, not the collateral tasks that she may also perform, even if those tasks consume more than half her time. In making this determination, you should consider factors including, but not limited to:

8

1. The relative importance of the managerial duties as compared with other types of duties;

2. The amount of time spent performing exempt (managerial) work;

3. The employee's relative freedom from direct supervision; and

4. The relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

A managerial employee may sometimes perform duties that are not managerial concurrent with his managerial duties, so long as those other duties are not his primary duties.

*Management.* This term is also used in Element 2 of the executive exemption test. Management includes, but is not limited to, activities such as interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment, or tools to be used or merchandise to be bought, stocked, and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures.

*Particular Weight.* This term is used in Element 4 of the executive exemption test. To determine whether an employee's suggestions and recommendations are given "particular weight," factors to be considered include, but are not limited to, whether it is part of the

employee's job duties to make such suggestions and recommendations; the frequency with which such suggestions and recommendations are made or requested; and the frequency with which the employee's suggestions and recommendations are relied upon. Generally, an executive's suggestions and recommendations must pertain to employees whom the executive customarily and regularly directs. It does not include an occasional suggestion with regard to the change in status of a co-worker. An employee's suggestions and recommendations may still be deemed to have "particular weight" even if a higher level manager's recommendation has more importance and even if the employee does not have authority to make the ultimate decision as to the employee's change in status.

An employer of an exempt employee will not lose the exemption if the employee in question performs work of a normally nonexempt nature because of the existence of an emergency. If emergencies arise that threaten the safety of employees, a cessation of operations, or serious damage to the employer's property, any work performed in an effort to prevent such results is considered management work. An "emergency" does not include occurrences that are not beyond control or for which the employer can reasonably provide in the normal course of business. Emergencies generally occur only rarely, and are events that the employer cannot reasonably anticipate. For example, a manager replacing a nonexempt employee during the first day or partial day of an illness may be considered managerial emergency work depending on factors such as the size of the establishment and of the executive's department, the nature of the industry, the consequences that would flow from the failure to replace the ailing employee immediately, and the feasibility of filling the employee's place promptly.

The executive employee exemption does not apply to police officers, detectives, deputy sheriffs, state troopers, highway patrol officers, investigators, inspectors, park rangers, or similar employees, regardless of rank or pay level, who perform front line law enforcement. Front line law

enforcement includes work such as rescuing crime or accident victims; preventing or detecting crimes; conducting investigations or inspections for violations of law; performing surveillance; pursuing, restraining, and apprehending suspects; detaining or supervising suspected and convicted criminals; interviewing witnesses; interrogating and fingerprinting suspects; preparing investigative reports; or similar work.

Thus, for example, a police officer whose primary duty involves the activities above is not an exempt executive merely because that officer also performs managerial work. Similarly, front line law enforcement work does not become managerial work simply because the officer directs the work of other employees while performing such work.

Concurrent performance of exempt and nonexempt work does not disqualify an employee from the executive exemption if all the requirements of the executive exemption are met. Generally, exempt executives make the decision regarding when to perform nonexempt duties and remain responsible for the success or failure of business operations under their management while performing the nonexempt work. In contrast, the nonexempt employee generally is directed by a supervisor to perform the exempt work or performs the exempt work for defined time periods.

You must return a verdict for Travis County if Travis County proves by a preponderance of the evidence that it is exempt from the overtime pay law because Plaintiffs are exempt executives. If, however, you find that Travis County has not proved by a preponderance of the evidence Plaintiffs are exempt executives, your verdict must be for each Plaintiff for whom Travis County has not established the exemption.

## 2. Highly Compensated Employee Exemption

Travis County also claims Plaintiffs are exempt from the FLSA's overtime provisions because Plaintiffs are highly compensated employees. This exemption allows employers to classify

highly compensated employees without proving all elements of the executive employee exemption. To establish that Plaintiffs are exempt as highly compensated employees, Travis County must prove each of the following facts by a preponderance of the evidence:

1. Plaintiffs were compensated with a total annual compensation of at least $100,000 on a salary or fee basis;
2. Plaintiffs customarily and regularly perform any one or more of the duties of an exempt executive employee; and
3. Plaintiffs' primary duty is performing office or non-manual work.

It has already been determined that Plaintiffs earned more than $100,000 per year during all times applicable to this suit and that they customarily and regularly perform any one or more of the duties of an executive employee (customarily and regularly directing the work of two or more other employees).

Employees who do not qualify for the executive employee exemption because they perform front line law enforcement also cannot qualify for an exemption as highly compensated employees.

## IV. DAMAGES

*If your verdict is for one or more of the Plaintiffs, you must determine the damages to be awarded.*

An employer must pay its employees at least one and one-half times their regular rate for overtime work.

An employee's regular rate is the basis for calculating any overtime pay due the employee. The regular rate for a week is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours. The overtime rate, then, is one and one-half times that rate.

The measure of damages is the difference between what the employer should have paid the employee under the law and the amount that you find the employer actually paid.

In determining the amount of damages, you may only include damages related to overtime compensation.

## INSTRUCTIONS ON DELIBERATION

When you retire to the jury room to deliberate, you may take with you the charge, the Verdict Form and the exhibits that the Court has admitted into evidence. Select your Presiding Juror and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial.

After you have reached your unanimous verdict, your Presiding Juror must fill in your answers to the written questions and sign and date the verdict form. Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Having now heard the closing arguments of parties, you will now retire to the jury room to deliberate on your verdict.

Submitted the 22ⁿᵈ day of SEPT, 2016, at 3:30 o'clock p.m.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

14