IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE ESCRIBANO, AL LEBLANC, BRYCE MILLER, ROBERT MILLS, MICHAEL STRAWN, and JAMES WILLIAMSON, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:15-CV-331-RP |
| TRAVIS COUNTY, TEXAS, | § § § | |
| Defendant. | § § | |

## ORDER

Before the Court in the above-entitled action is Plaintiffs' Motion for Entry of Judgment, (Dkt. 74), and the responsive pleadings thereto. Having reviewed the filings, the relevant law, and the factual record, the Court hereby issues the following Order.

### I. Background

Plaintiffs Jose Escribano, Al LeBlanc, Bryce Miller, Robert Mills, Michael Strawn, and James Williamson ("Plaintiffs") are lieutenants in the law enforcement bureau of the Travis County Sheriff's Office ("TCSO"). Plaintiffs filed this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, alleging that Defendant Travis County ("Defendant") improperly classified Plaintiffs as exempt employees and denied them compensation for overtime work.

The case was tried before a jury, which returned a verdict finding that Plaintiffs were not paid on a salary basis and were thus entitled to overtime wages under the FLSA. (Verdict Form, Dkt. 71, at 1). The jury, which also found that Plaintiffs failed to prove beyond a preponderance of evidence that Defendant's violation of the FLSA was willful, awarded Plaintiffs damages in the following amounts: $28,914.03 to Plaintiff Escribano; $29,752.46 to Plaintiff LeBlanc; $49,583.54 to

1

Plaintiff Mills; $49,757.95 to Plaintiff Miller; $12,213.34 to Plaintiff Strawn; and $11,420.97 to Plaintiff Williamson. (*Id.* at 2–3).

Plaintiffs filed the instant motion on September 27, 2016, seeking entry of judgment, the imposition of liquidated damages, and post-judgment interest. (Mot. Entry J., Dkt. 74). Defendant filed a Response, (Dkt. 75), which was followed by Plaintiffs' Reply, (Dkt. 76); Defendant's Sur-Reply, (Dkt. 77); and Plaintiffs' Response to Defendant's Sur-Reply, (Dkt. 78).

## II. Legal Standard

An employer who violates Section 207 of the FLSA is liable not only for damages, but also for liquidated damages at an amount equal to actual damages. 29 U.S.C. § 216(b). The district court may decline to award or may reduce the amount of liquidated damages if it finds that the employer both acted in good faith and had reasonable grounds to believe it was in compliance with the FLSA. 29 U.S.C. § 260; *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1263 (5th Cir. 1986).

That said, an employer seeking to prove it acted in good faith and on reasonable grounds faces a "substantial burden." *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990). A finding that the employer did not act willfully is insufficient to establish that the employer acted in good faith. *LeCompte*, 780 F.2d at 1263. As the Fifth Circuit has explained:

> Knowledge will generally be imputed to the offending employer. . . . Good faith requires some duty to investigate potential liability under the [FLSA] . . . . Lack of good faith is demonstrated when an employer knows, or has reason to know, that his conduct is governed by the [FLSA].

*Reeves v. Int'l Tel. and Tel. Corp.*, 616 F.2d 1342, 1353 (5th Cir. 1980) (internal quotation marks and citations omitted). "Mere ignorance of the provisions of the [FLSA] is an insufficient ground to defeat the 'reasonable grounds' exception . . . ." *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 357 (5th Cir. 1990). Moreover, a district court may award liquidated damages even if it determines the employer acted in good faith and with a reasonable belief its actions were legal. *Bernard v. IBP, Inc. of Neb.*, 154 F.3d 259, 267 (5th Cir. 1998) (citing *Lee v. Coahoma Cty.*, 937 F.2d 220, 226 (5th Cir. 1991)).

### III. Analysis

Because the jury found in favor of Plaintiffs by affirmatively answering only one question—whether Plaintiffs were paid on a salary basis—Defendant argues that the judicial inquiry as to whether it acted in good faith and upon reasonable grounds should be limited to "whether Defendant had a good faith belief that requiring the use of leave accruals and the possibility of corrective action for failing to account for at least 40 hours of work per week violated salary basis." (Resp., Dkt. 75, at 4). The Court disagrees. Defendant cites no authority for this position, and Section 260 explicitly calls for a broader analysis: it provides that an employer seeking to avoid liability for liquidated damages must show "that the act or omission giving rise" to the FLSA violation was in good faith. In this case, the "act or omission" was Defendant's failure to compensate Plaintiffs for overtime. Parsing the "good faith" requirement at the level of particularity Defendant suggests would be impracticably difficult, as Defendant itself acknowledges by referring to the question as one involving Defendant's general "pay practices" elsewhere in its response. (*See id.* at 3).

The Court thus rejects Defendant's argument that an email exchange between Plaintiff Robert Mills and Human Resources Manager Debbie Rich is irrelevant because the exchange concerned only whether lieutenants were "front line law enforcement officers" and thus entitled to overtime under the FLSA. Rather, the exchange makes clear that Defendant's human resources department was aware of the lieutenants' concern regarding their classification as exempt employees as early as 2004. (*See* Ex. J-151, at 002981–83). That evidence is compounded by the existence of: (1) emails in which then-lieutenant William Poole expressed his support for classifying lieutenants as nonexempt, (Ex. J-153); and (2) multiple acknowledgments by then-lieutenant Mirtha Mendoza that

lieutenants were misclassified.[1] Mr. Poole was promoted to captain in 2014 and major in 2015, and Ms. Mendoza was promoted to captain in 2015.[2] It is clear, then, that members of the TCSO Command Staff were aware of concerns regarding the classification of lieutenants as exempt employees as early as 2014.

However, Defendant has provided no evidence that it investigated potential liability under the FLSA, as is required. *See Mohammadi v. Nwabuisi*, 990 F. Supp. 2d 723, 749 (W.D. Tex. 2014) ("[G]ood faith requires some duty to investigate potential liability."). Defendant's evidence demonstrates only that:

1. It sought approval for the methodology used to conduct law enforcement market studies and determine executive pay scales, (Exs. J-200, 204–05);
2. A market salary survey analysis completed by Travis County approximately 16 years before the filing of the instant suit noted that the Austin Police Department classified its lieutenants as exempt employees, (Ex. J-8, at 3100001, 3100021); and
3. Travis County's policy manual directed the Human Resources Management Department to classify positions as either exempt or non-exempt based on the duties and responsibilities in the job description, (Ex. J-13, at 3200510).[3]

This evidence falls far short of what is required to satisfy the requirements of Section 260. *See, e.g.*, *Clark v. Centene Co. of Texas, L.P.*, 104 F. Supp. 3d 813, 834 (noting the absence of a "comprehensive, documented review of the FLSA-exempt status" of certain workers and highlighting "the trend in FLSA jurisprudence toward examination of the actual job duties of personnel in making exemption decisions").

---

[1] While a lieutenant, Ms. Mendoza wrote: "I agree we should be nonexempt." (Emails from Mirtha Mendoza to Mike Burshnick et al., Joint Exs. 154, 158).
[2] Major William Poole, Travis Cty. Sheriff's Office, https://www.tcsheriff.org/departments/command-staff/poole; Captain Mirtha Mendoza, Travis Cty. Sherrif's Office, https://www.tcsheriff.org/departments/command-staff/mendoza.
[3] While Defendant states that its policy manual provides for routine classification adjustments, (Sur-Reply, Dkt. 77, at 3), the portion of the manual cited appears to concern general departmental organization, not classification of employees as exempt or non-exempt for purposes of the FLSA. (*See* Ex. J-14, at 3200675–76). Moreover, while former Sheriff Greg Hamilton testified that "employees' classifications are reviewed periodically," Defendant provided no evidence of additional investigations or reviews to the Court. (*See* Resp., Dkt. 75, at 4). As the Fifth Circuit has noted, "Defendants' bare assertions cannot carry their 'substantial burden' of demonstrating good faith and reasonableness." *Owens v. Marstek, L.L.C.*, 548 F. App'x 966, 973 (5th Cir. 2013).

With respect to Defendant's reference to the jury's finding regarding willfulness, it is sufficient to note only that willfulness and good faith are separate inquiries. *Cox*, 919 F.2d at 357 ("A finding that the employer did not act willfully does not preclude an award of liquidated damages"); *Clark*, 104 F. Supp. 3d at 834 ("A finding [that] the employer did not act willfully is not sufficient to establish it acted in good faith."); *Meesook v. Grey Canyon Family Medicine, P.A.*, 5:13-CV-729, 2014 WL 4072078, at *1 (W.D. Tex. Aug. 15, 2014) ("Defendants did not meet their burden solely because the jury found that they did not willfully violate the FLSA. . . . It does not follow that the jury verdict implies anything about whether Defendants affirmatively carried their burden of establishing good faith.").

Finally, the Court recognizes Defendant's stated intention to assert a renewed motion for judgment as a matter of law pursuant to entry of the instant order. (Resp., Dkt. 75, at 1). The parties' ongoing dispute as to the validity of the jury's finding that Plaintiffs were not compensated on a salary basis, (*see, e.g.*, *id.* at 5–7), would be more appropriately raised at that time.

### IV. Conclusion

For the reasons stated above, the Court finds that Defendant has not met its burden of demonstrating that it acted in good faith and had reasonable grounds to believe it was in compliance with the FLSA. As such, Plaintiff's Motion to Enter Judgment and for Imposition of Liquidated Damages and Post-Judgment Interest, (Dkt. 74), is hereby **GRANTED**.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that Plaintiffs are awarded:

1. Unpaid overtime backpay in the following amounts: $28,914.03 to Plaintiff Escribano; $29,752.46 to Plaintiff LeBlanc; $49,583.54 to Plaintiff Mills; $49,757.95 to Plaintiff Miller; $12,213.34 to Plaintiff Strawn; and $11,420.97 to Plaintiff Williamson; and
2. Liquidated damages in the following amounts: $28,914.03 to Plaintiff Escribano; $29,752.46 to Plaintiff LeBlanc; $49,583.54 to Plaintiff Mills; $49,757.95 to Plaintiff Miller; $12,213.34 to Plaintiff Strawn; and $11,420.97 to Plaintiff Williamson.

It is **FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1961, Defendant pay Plaintiffs post-judgment interest on any unpaid amounts set forth above until the foregoing sums are paid in full.

**SIGNED** on January 23, 2016.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE