IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE ESCRIBANO, AL LEBLANC, BRYCE MILLER, ROBERT MILLS, MICHAEL STRAWN, and JAMES WILLIAMSON, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:15-CV-331-RP |
| TRAVIS COUNTY, TEXAS, | § § | |
| Defendant. | § § | |

## ORDER

Before the Court in the above-entitled matter are Plaintiffs' Motion to Reconsider Order Granting New Trial, (Dkt. 91), and the filings responsive thereto. Having considered those filings, the relevant law, and the case file, the Court enters the following order.

## I. BACKGROUND

Plaintiffs Jose Escribano, Al LeBlanc, Bryce Miller, Robert Mills, Michael Strawn, and James Williamson ("Plaintiffs") are lieutenants in the law enforcement bureau of the Travis County Sheriff's Office ("TCSO"). Plaintiffs filed this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, alleging that Defendant Travis County ("Defendant") improperly classified Plaintiffs as exempt employees and denied them compensation for overtime work.

The case was tried before a jury, which returned a verdict finding that Plaintiffs were not paid on a salary basis and thus were entitled to overtime wages under the FLSA.[1] (Verdict Form, Dkt. 71, at 1). The jury, which also found that Plaintiffs failed to prove beyond a preponderance of

---

[1] As the jury instructions directed, the jury only answered the question regarding the threshold issue of "salary basis" and did not reach the remaining questions regarding whether Plaintiffs' primary duties were management and not front-line law enforcement or whether their primary duties were performing office or non-manual work. (Verdict Form, Dkt. 71, at 1–2).

1

evidence that Defendant's violation of the FLSA was willful,[2] awarded Plaintiffs damages in the following amounts: $28,914.03 to Plaintiff Escribano; $29,752.46 to Plaintiff LeBlanc; $49,583.54 to Plaintiff Mills; $49,757.95 to Plaintiff Miller; $12,213.34 to Plaintiff Strawn; and $11,420.97 to Plaintiff Williamson. (*Id.* at 2–3).

Following trial, Plaintiffs filed a motion seeking entry of judgment, the imposition of liquidated damages, and post-judgment interest. (Mot. Entry J., Dkt. 74). The Court granted that motion. (Dkt. 79). In doing so, it found that Defendant had not met its burden of demonstrating that it acted in good faith and had reasonable grounds to believe it was in compliance with the FLSA. (*Id.* at 4–5). The Court therefore awarded Plaintiffs liquidated damages, as required by the FLSA. 29 U.S.C. § 216(b) (providing that an employer who violates Section 207 of the FLSA is liable not only for damages, but also for liquidated damages in an amount equal to actual damages); 29 U.S.C. § 260 (permitting a district court to decline to award or reduce the amount of liquidated damages if it finds an employer both acted in good faith and had reasonable grounds to believe it was in compliance with the FLSA).

Defendant subsequently filed a Renewed Motion for Judgment as a Matter of Law, contending there was substantial evidence Plaintiffs are exempt from the FLSA's overtime requirements because (1) they were paid on a salary basis; and (2) their primary duties were management. (Dkt. 84). Plaintiffs then filed a Motion for New Trial. (Dkt. 85). That motion urged the Court, if it found that Plaintiffs were paid on a salary basis as a matter of law, to hold a new trial "on the front line law enforcement and willfulness issues."[3] (*Id.* at 2).

---

[2] FLSA overtime claims are subject to a two-year statute of limitations for ordinary violations and a three-year period for willful violations. 29 U.S.C. § 255(a).

[3] Plaintiffs' motion referred to the "front line law enforcement" and "primary duty issue" interchangeably. *See, e.g.*, Mot. J. Matter of Law, Dkt. 84, at 2. The Court's order on that motion used the term "primary duty issue." (Order, Dkt. 89, at 9).

After considering Defendant's Renewed Motion for Judgment as a Matter of Law and Plaintiffs' Motion for New Trial, the Court entered an order disposing of both. (Dkt. 89). The Court (1) granted in part and denied in part Defendant's Renewed Motion for Judgment as a Matter of Law, rendering judgment in favor of Defendant only with respect to the salary basis issue; and (2) granted in part and denied in part Plaintiffs' Motion for a New Trial. (*Id.* at 13). As to the latter, the Court found that there was a "sufficient evidentiary basis to support the jury's conclusion that Defendant did not willfully violate the FLSA" and therefore declined to grant a new trial on that issue. (*Id.* at 12–13). With respect to the primary duty issue, however, the Court noted that it "underst[ood] Plaintiffs to be referring to the highly compensated employee exemption—specifically, whether Plaintiffs' primary duties include 'performing office or non-manual work,'" and granted Plaintiffs' request for a new trial because (1) the jury did not reach the question of whether Plaintiffs' primary duties include performing office or non-manual work; (2) the question of whether Plaintiffs fall within the highly paid employee exemption could be dispositive of their claims; and (3) Plaintiffs are entitled to a jury determination of their claims. (*Id.* at 10–11).

After issuing the above-described order, the Court set a new trial. (Dkt. 90). Plaintiffs then filed the instant Motion to Reconsider Order Granting New Trial, asserting that "[t]he Court granted a new trial on the issue under the highly paid employee exemption of whether Plaintiffs' primary duties include performing office or non-manual work, a ground on which Plaintiffs did not request a new trial," and that "Plaintiffs do not wish to proceed to a new trial on the grounds granted by the Court." (Mot. Recons., Dkt. 91, at 1–2). Defendants responded, noting that Plaintiffs' motion "neither identifies any portion of the Court's Order . . . they contend was incorrectly decided, nor provides rationale or analysis for the Court to reconsider its ruling." (Resp., Dkt. 95, at 2). Because "Plaintiffs do not wish to proceed on the highly compensated issue and should not be

permitted to exclude it," Defendants argue, "the Court should deny the motion for new trial in its entirety." (*Id.* at 3).

Based on that briefing, the Court issued an additional order that attempted to clarify the record and called for additional argument by both parties. Noting that Plaintiffs "appear to limit their request for a new trial to the executive employee exemption and [the] first responder exception thereto," the order explained that Plaintiffs' briefing made it unclear exactly what type of relief they sought. (Order, Dkt. 99, at 7). At that point, "[i]t appear[ed] to the Court that [Plaintiffs sought] a new trial on both the application of the first responder exception and the question of whether Plaintiffs fall within the executive employee exemption, but not on the question of whether Plaintiffs fall within the highly compensated employee exemption." (*Id.* at 8). However, excluding the highly compensated employee issue from a new trial would be prejudicial to Defendant. (*Id.*).[4]

---

[4] As the Court explained previously, the order of which Plaintiffs now seek reconsideration evaluated both Defendant's Motion for Judgment as a Matter of Law and Plaintiffs' own Motion for New Trial. (*See generally* Dkt. 89). The order disposed of the former motion first, finding that no reasonable jury could have concluded Plaintiffs were not paid on a salary basis. (*Id.* at 8). The Court's conclusion on that point had the effect of vacating the jury's verdict for Plaintiffs. However, Plaintiffs could still demonstrate that they do not fall within the executive employee exemption by securing an affirmative finding by the jury that their primary duty is "management of the enterprise" and that their suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees are given particular weight. Additionally, the first responder exception applies both to the executive employee exemption and the highly compensated employee exemption. 29 C.F.R. §§ 541.3(b)(1) ("The section 13(a)(1) exemptions . . . do not apply to police officers, detectives, deputy sheriffs, state troopers, highway patrol officers, investigators [and others] . . . who perform such work as . . . rescuing fire, crime or accident victims; preventing or detecting crimes; conducting investigations or inspections for violations of law; performing surveillance; pursuing, restraining and apprehending suspects; detaining or supervising suspected and convicted criminals, including those on probation or parole; interviewing witnesses; interrogating and fingerprinting suspects; preparing investigative reports; or other similar work."), 541.601(a) (identifying the exemption for highly compensated employees as a section 13(a)(1) exemption). The Court therefore construed Plaintiffs' motion to also request a new trial on the issue of whether Plaintiffs, as alleged first responders, were entitled to overtime because they were excepted from the exemption for highly compensated employees. Determining that question would require a determination of whether the highly compensated exemption applied at all—an issue the jury did not reach.

In subsequent briefing ordered by the Court, Plaintiffs stated plainly that they "do not seek a new trial" and that they wished to "unequivocally withdraw their motion for a new trial." (Pls.' Briefing, Dkt. 100, at 1).

## II. MOTION FOR RECONSIDERATION

On April 14, 2017, the Fifth Circuit clarified when courts considering motions for reconsideration should apply Federal Rule of Civil Procedure 54(b) and when they should apply Rule 59(e). *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). That Fifth Circuit recently explained that "Rule 59(e) governs motions to alter or amend a final judgment," while "Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action." *Id.* (internal quotation marks and citations omitted). District courts should only use Rule 59(e) to evaluate a motion for reconsideration when the motion seeks reconsideration of a final judgment. *Id.* This Court will therefore consider Plaintiffs' motion under Rule 54(b). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).

As Plaintiffs have withdrawn their Motion for New Trial, the Court—pursuant to its authority under Rule 54(b)—vacates the portion of its September 30, 2017 order that granted in part and denied in part that motion. The Court notes, however, that the portion of the same order that granted in part Defendant's Renewed Motion for Judgment as a Matter of Law means that the disposition of Plaintiffs' claims require such a trial. (*See supra* n.4).

### III. CONCLUSION

For these reasons, **IT IS ORDERED** that Plaintiffs' Motion for Reconsideration, (Dkt. 84), is **GRANTED IN PART AND DENIED IN PART**. The portion of the Court's September 30, 2017 order that partially granted Plaintiffs' Motion for New Trial, (Dkt. 85), is **VACATED**.

**SIGNED** December 21, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE