IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE ESCRIBANO, AL LEBLANC, BRYCE MILLER, ROBERT MILLS, MICHAEL STRAWN, and JAMES WILLIAMSON, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § | 1:15-CV-331-RP |
| TRAVIS COUNTY, TEXAS, | § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court in the above-entitled matter are Plaintiffs' Renewed Motion for Entry of Judgment and Imposition of Liquidated Damages and Post-Judgment Interest, (Dkt. 107), and the filings responsive thereto. Having considered those filings, the relevant law, and the case file, the Court enters the following order.

**I. BACKGROUND**

Plaintiffs Jose Escribano, Al LeBlanc, Bryce Miller, Robert Mills, Michael Strawn, and James Williamson ("Plaintiffs") are lieutenants in the law enforcement bureau of the Travis County Sheriff's Office ("TCSO"). Plaintiffs filed this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, alleging that Defendant Travis County ("Defendant") improperly classified Plaintiffs as exempt employees and denied them compensation for overtime work.

The case was tried before a jury, which returned a verdict finding that Plaintiffs were not paid on a salary basis and thus were entitled to overtime wages under the FLSA.[1] (Verdict Form,

---

[1] As the jury instructions directed, the jury only answered the question regarding the threshold issue of "salary basis" and did not reach the remaining questions regarding whether Plaintiffs' primary duties were management and not front-line

1

Dkt. 71, at 1). The jury, which also found that Plaintiffs failed to prove beyond a preponderance of evidence that Defendant's violation of the FLSA was willful,[2] awarded Plaintiffs damages in the following amounts: $28,914.03 to Plaintiff Escribano; $29,752.46 to Plaintiff LeBlanc; $49,583.54 to Plaintiff Mills; $49,757.95 to Plaintiff Miller; $12,213.34 to Plaintiff Strawn; and $11,420.97 to Plaintiff Williamson. (*Id.* at 2–3).

Following trial, Plaintiffs filed a motion seeking entry of judgment, the imposition of liquidated damages, and post-judgment interest. (Mot. Entry J., Dkt. 74). The Court granted that motion. (Dkt. 79). In doing so, the Court found that Defendant had not met its burden of demonstrating that it acted in good faith and had reasonable grounds to believe it was in compliance with the FLSA. (*Id.* at 4–5). The Court therefore awarded Plaintiffs liquidated damages, as required by the FLSA. 29 U.S.C. § 216(b) (providing that an employer who violates Section 207 of the FLSA is liable not only for damages, but also for liquidated damages in an amount equal to actual damages); 29 U.S.C. § 260 (permitting a district court to decline to award or reduce the amount of liquidated damages if it finds an employer both acted in good faith and had reasonable grounds to believe it was in compliance with the FLSA).

Defendant subsequently filed a Renewed Motion for Judgment as a Matter of Law, contending there was substantial evidence Plaintiffs are exempt from the FLSA's overtime requirements because (1) they were paid on a salary basis; and (2) their primary duties were management. (Dkt. 84). Plaintiffs then filed a Motion for New Trial. (Dkt. 85). That motion urged

---

law enforcement or whether their primary duties were performing office or non-manual work. (Verdict Form, Dkt. 71, at 1–2).

[2] FLSA overtime claims are subject to a two-year statute of limitations for ordinary violations and a three-year period for willful violations. 29 U.S.C. § 255(a).

the Court, if it found that Plaintiffs were paid on a salary basis as a matter of law, to hold a new trial "on the front line law enforcement and willfulness issues."[3] (*Id.* at 2).

After considering Defendant's Renewed Motion for Judgment as a Matter of Law and Plaintiffs' Motion for New Trial, the Court entered an order disposing of both. (Dkt. 89). First, the Court granted in part and denied in part Defendant's Renewed Motion for Judgment as a Matter of Law, rendering judgment in favor of Defendant only with respect to the salary basis issue. (*Id.* at 13). Second, the Court granted in part and denied in part Plaintiffs' Motion for a New Trial. (*Id.*). The Court denied Plaintiffs their request for a new trial on the willfulness issue, finding that there was a "sufficient evidentiary basis to support the jury's conclusion that Defendant did not willfully violate the FLSA." (*Id.* at 12–13). But because Plaintiffs are entitled to a jury determination of their claims, the jury did not reach the question of whether Plaintiffs' primary duties include performing office or non-manual work, and the question of whether Plaintiffs fall within the highly paid employee exemption could be dispositive of their claims, the Court granted Plaintiffs' request for a new trial on those issues. (*Id.* at 10–11).[4]

The Court then set a new trial. (Dkt. 90). Plaintiffs then filed a Motion to Reconsider Order Granting New Trial, asserting that "[t]he Court granted a new trial on the issue under the highly paid employee exemption of whether Plaintiffs' primary duties include performing office or non-manual work, a ground on which Plaintiffs did not request a new trial," and that "Plaintiffs do not wish to proceed to a new trial on the grounds granted by the Court." (Mot. Recons., Dkt. 91, at 1–2). Defendants responded, noting that Plaintiffs' motion "neither identifies any portion of the Court's Order . . . [that] they contend was incorrectly decided, nor provides rationale or analysis for the

---

[3] Plaintiffs' motion referred to the "front line law enforcement" and "primary duty issue" interchangeably. *See, e.g.*, Mot. J. Matter of Law, Dkt. 84, at 2. The Court's order on that motion used the term "primary duty issue." (Order, Dkt. 89, at 9).
[4] With respect to the primary duty issue, the Court noted that it "underst[ood] Plaintiffs to be referring to the highly compensated employee exemption— specifically, whether Plaintiffs' primary duties include 'performing office or non-manual work." (Order, Dkt. 89, at 10–11).

3

Court to reconsider its ruling." (Resp., Dkt. 95, at 2). Because "Plaintiffs do not wish to proceed on the highly compensated issue and should not be permitted to exclude it," Defendants argued, "the Court should deny the motion for new trial in its entirety." (*Id.* at 3).

Based on that briefing, the Court issued an additional order that attempted to clarify the record and called for additional argument by both parties. Noting that Plaintiffs "appear[ed] to limit their request for a new trial to the executive employee exemption and [the] first responder exception thereto," the order explained that Plaintiffs' briefing made it unclear exactly what type of relief they sought. (Order, Dkt. 99, at 7). At that point, "[i]t appear[ed] to the Court that [Plaintiffs sought] a new trial on both the application of the first responder exception and the question of whether Plaintiffs fall within the executive employee exemption, but not on the question of whether Plaintiffs fall within the highly compensated employee exemption." (*Id.* at 8). However, excluding the highly compensated employee issue from a new trial would have been prejudicial to Defendant.[5]

---

[5] The order of which Plaintiffs sought reconsideration evaluated both Defendant's Motion for Judgment as a Matter of Law and Plaintiffs' own Motion for New Trial. (*See generally* Dkt. 89). The order disposed of the former motion first, finding that no reasonable jury could have concluded Plaintiffs were not paid on a salary basis. (*Id.* at 8). The Court's conclusion on that point had the effect of vacating the jury's verdict for Plaintiffs. However, Plaintiffs could still demonstrate that they do not fall within the executive employee exemption by securing an affirmative finding by the jury that their primary duty is "management of the enterprise" and that their suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees are given particular weight. Additionally, the first responder exception applies both to the executive employee exemption and the highly compensated employee exemption. 29 C.F.R. §§ 541.3(b)(1) ("The section 13(a)(1) exemptions . . . do not apply to police officers, detectives, deputy sheriffs, state troopers, highway patrol officers, investigators [and others] . . . who perform such work as . . . rescuing fire, crime or accident victims; preventing or detecting crimes; conducting investigations or inspections for violations of law; performing surveillance; pursuing, restraining and apprehending suspects; detaining or supervising suspected and convicted criminals, including those on probation or parole; interviewing witnesses; interrogating and fingerprinting suspects; preparing investigative reports; or other similar work."), 541.601(a) (identifying the exemption for highly compensated employees as a section 13(a)(1) exemption). The Court therefore construed Plaintiffs' motion to also request a new trial on the issue of whether Plaintiffs, as alleged first responders, were entitled to overtime because they were excepted from the exemption for highly compensated employees. Determining that question would require a determination of whether the highly compensated exemption applied at all—an issue the jury did not reach.

4

Moreover, in subsequent briefing, Plaintiffs stated plainly that they "[did] not seek a new trial" and that they wished to "unequivocally withdraw their motion for a new trial." (Pls.' Briefing, Dkt. 100, at 1). The Court—pursuant to its authority under Rule 54(b)—therefore vacated the portion of its September 30, 2017 order that granted in part and denied in part that motion. (Order, Dkt. 106). The Court noted, however, that the portion of the same order that granted in part Defendant's Renewed Motion for Judgment as a Matter of Law meant that the disposition of Plaintiffs' claims would require such a trial. (*Id.* at 5).

Plaintiffs then filed the instant motion, which they characterize as a "renewed motion for entry of judgment." (Mot., Dkt. 107, at 1). Plaintiffs assert that they "are entitled to judgment as a matter of law on the jury verdict," (*id.* at 1), and seek the entry of a judgment finding Defendant liable for violations of the FLSA, awarding damages to Plaintiffs in the amounts listed in the Verdict Form, and awarding liquidated damages in the same amounts, (*id.* at 8).

## II. DISCUSSION

Plaintiffs maintain that the instant motion is brought pursuant to Federal Rule of Civil Procedure 54. (Reply, Dkt. 109, at 2). However, as the Court has noted repeatedly, the Court's previous finding that no reasonable jury could have concluded Plaintiffs were not paid on a salary basis had the effect of vacating the jury's verdict in favor of Plaintiffs. (*See* Order, Dkt. 89 (granting in part judgment as a matter of law)). There is therefore no jury verdict on which to enter judgment, and the instant motion must be construed as one for judgment as a matter of law.

Moreover, the text of the instant motion makes clear that Plaintiffs do indeed seek judgment as a matter of law, and the nature of a motion must be determined according to its actual substance as opposed to its title. *Gonzalez v. Crosby*, 545 U.S. 524, 527 n.1 (2005) (noting that a district court properly reviewed a motion based not on its title but on its substance); *United States v. Fisher*, 372 F. App'x 526, 528 (5th Cir. 2010) (citing *United States v. Early*, 27 F.3d 140, 141–42 (5th Cir. 1994)

5

("[T]he nature of a motion must be determined according to its actual substance rather than the title given it."); *Agueros v. Vargas*, No. SA-07-CV-904-XR, 2008 WL 4179452, at *2 (W.D. Tex. Sep. 5, 2008) ("It is not the title of the motion that governs its consideration, but the substance."). The instant motion itself explicitly frames the relief sought as "judgment as a matter of law" at least twice. (*See, e.g.*, Mot., Dkt. 107, at 1 ("Plaintiffs are entitled to judgment as a matter of law on the jury verdict."); *id.* at 6 (same)). The motion also includes considerable argument regarding whether Plaintiffs made out a *prima facie* case and the impact of Defendants' failure to object to the jury instructions.

Federal Rule of Civil Procedure 50(b) provides that motions for judgment as a matter of law must be filed no later than 28 days after the discharge of a jury. Fed. R. Civ. P. 50(b) ("No later than 28 days after the entry of judgment . . .the movant may file a renewed motion for judgment as a matter of law."). At the very latest, Plaintiffs should have raised the issues briefed in the instant motion within 28 days of the Court order granting Defendants judgment as a matter of law. *See* Fed. R. Civ. P. 50(d) ("Any motion by a party against whom judgment as a matter of law is rendered must be filed no later than 28 days after the entry of judgment."). The instant motion, then, is exceedingly untimely and should be denied for that reason alone.

More fundamentally, the posture of this case makes it impossible for the Court to grant Plaintiffs the relief they seek. As the Court has now explained several times, the previous finding that no reasonable jury could have concluded Plaintiffs were not paid on a salary basis vacated the jury's verdict in favor of Plaintiffs. Given the questions that went unanswered by the jury, Plaintiffs' remedy was a new trial. While the Court was prepared to grant that relief, Plaintiffs withdrew the motion that would have permitted the Court to proceed.

For these reasons, the instant motion should be and is hereby **DENIED**.

## III. CONCLUSION

Plaintiffs' Renewed Motion for Entry of Judgment and Imposition of Liquidated Damages and Post-Judgment Interest, (Dkt. 107), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs, should they wish to file a renewed motion for a new trial, must do so on or before August 31, 2018. Failure to seek a new trial will be deemed failure to prosecute this case. *See Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (district courts may dismiss cases for want of prosecution).

**SIGNED** July 27, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE